UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| RHONDA THOMPSON, § | | |
| Individually and On Behalf of All § | | |
| Others Similarly Situated, § | | |
|   Plaintiff, § | | |
| § | | |
| vs. § | CIVIL ACTION NO. 4:22-CV-473 | |
| § | | |
| BP AMERICA PRODUCTION § | | |
| COMPANY AND ENSLEY § | | |
| PROPERTIES, INC. § | COLLECTIVE ACTION | |
|   Defendants. § | | |

**PLAINTIFF'S ORIGINAL COMPLAINT**

TO THE HONORABLE UNITED STATES DISTRICT COURT:

Now comes Plaintiff Rhonda Thompson, ("Plaintiff"), on behalf of herself and all others similarly situated, and files this Original Complaint, as follows:

### I. PRELIMINARY STATEMENT

1. BP America Production Company ("BP") and Ensley Properties, Inc. ("Ensley") were each employers of Plaintiff Rhonda Thompson and others similarly situated. Mrs. Thompson worked as a landman for BP from October 2018 until May 2020. She interviewed and was hired through Ensley, and she worked exclusively as a landman at BP. While employed by Defendants, Mrs. Thompson was misclassified as an independent contractor, despite the fact that she worked full time for Defendants, and virtually every aspect of her job was controlled by Defendants. Defendants misclassified Mrs. Thompson as an independent contractor to avoid paying employment taxes, benefits and overtime. During her time with Defendants, Mrs. Thompson typically worked between 8-12 hours per day. In 2020, she worked at least 400 hours of overtime, and in 2019, she

PLAINTIFF'S ORIGINAL COMPLAINT                 Page 1 of 8

worked at least 700 hours of overtime. Mrs. Thompson received a day rate for the first eight hours she worked in a day, then a flat hourly rate thereafter, regardless of the number of hours she worked in a given day or week, and never received overtime pay. On information and belief, there are a large number of landmen that have been hired through Ensley (and are paid through Ensley) but have worked and/or are still working strictly at BP, all of whom are classified as independent contractors and all of whom are paid a day rate and/or straight time and denied overtime pay.

2. Plaintiff, on behalf of herself and all others similarly situated, brings this collective action to recover overtime compensation and all other available remedies under the FLSA.

3. The class of similarly situated employees sought to be certified as a collective action under the FLSA is defined as:

> **All landmen hired through Ensley and working at BP facilities during the past 3 years who were classified as independent contractors and paid a day-rate and/or straight time with no overtime (the "Class Members").**

4. For at least three years prior to the filing of this Complaint, Defendants willfully violated the FLSA by failing to pay these employees for overtime hours worked in excess of forty hours per week at a rate of one-and-a-half times their regular rate of pay.

## II. PARTIES

5. Plaintiff Rhonda Thompson is an individual residing in Texas. Plaintiff's Notice of Consent is attached hereto as Exhibit 1.

6. Defendant Ensley Properties, Inc. is a Texas corporation with its principal place of business in Houston, Texas. Ensley may be served through its registered agent in Texas, Stephenson Fournier, PLLC, 3355 West Alabama, Suite 640, Houston, TX 77098.

7. Defendant BP America Production Company is Delaware corporation with its principal place of business in Houston, Texas. BP may be served through its registered agent in Texas, CT Corporation System, 1999 Bryan St., Ste. 900, Dallas, TX 75201.

### III. JURISDICTION AND VENUE

8. This Court has subject matter jurisdiction under 28 U.S.C. § 1331 because this civil action arises under the Constitution, laws, or treaties of the United States; specifically, the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 et. seq. Jurisdiction is further conferred on this Court by the provisions of 28 U.S.C. § 1337 relating to "any civil action or proceeding arising under any Act of Congress regulating commerce..." The Court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367.

9. This Court has personal jurisdiction over Defendants because they are both Texas residents. Moreover, Defendants have both conducted substantial business in Texas and have had continuous and systematic contacts with Texas. Lastly, Plaintiff's claims in this suit relate to Defendants' contacts in Texas. This Court's assertion of jurisdiction over Defendants would not offend traditional notions of fair play and substantial justice.

10. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(2) because, as provided below, a substantial part of the events or omissions giving rise to this claim occurred in this judicial district.

## IV. COVERAGE

11. At all relevant times, Defendants have acted, directly or indirectly, as the employers or joint employers with respect to Plaintiff and others similarly situated. Defendants are directly or indirectly responsible for all decisions related to the wages to be paid to landmen, the work to be performed by the landmen, the locations of work performed by the employees, the hours to be worked by the landmen, and the compensation policies with respect to the landmen.

12. At all relevant times, Defendants have each operated an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

13. At all relevant times, Defendants have each operated an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that said enterprise has had an annual gross sales volume of sales made or business done of not less than $500,000.

14. At all relevant times, Plaintiff, and others similarly situated, were employees for Defendants who were engaged in commerce or in the production of goods for commerce.

## V. FACTUAL BACKGROUND

15. Ensley has contracted with BP, an international energy company engaged in exploration and production of oil and gas, to provide landmen for BP's oil and gas operations, including Plaintiff and others similarly situated.

16. Because Plaintiff and other BP-dedicated landmen are paid a day rate and/or straight time, and because their schedules are set by Ensley and/or its customer, BP, the landmen are not given any opportunity to share in the profit and/or loss of their services. They are not allowed the freedom to take or reject assignments - instead they must report to BP's offices as ordered to do by Ensley or its customer, BP. Because they work full time (working very long hours) at BP's facilities, they are not allowed an opportunity to expand their business or to take on other assignments as true independent contractors would be expected to do. Moreover, the Class Members perform administrative work that does not require an advanced degree or technical skill and thus is not the kind of highly-skilled workers that would typically be classified as independent contractors. Finally, the Class Members did not provide their own tools or equipment and were not allowed to hire their own helpers, as true independent contractors typically do.

17. No exemption excuses Defendants from paying Mrs. Thompson and other similarly situated Class Members overtime rates under the FLSA.

18. Defendants have failed to make a good faith effort to comply with the FLSA. Instead, Defendants knowingly, willfully or with reckless disregard carried out its illegal pattern or practice regarding overtime compensation. Plaintiff and those similarly situated are entitled to liquidated damages for such conduct.

19. For purposes of this action, the "relevant period" is defined as such period commencing on the date that is three years prior to the filing of this action, and continuing thereafter.

20. Plaintiff has retained the undersigned counsel to represent him and those similarly situated in this action. Pursuant to the FLSA, Plaintiff and those similarly situated are entitled to recover all reasonable attorney's fees and costs incurred in this action.

## VI.  COLLECTIVE ACTION ALLEGATIONS

21. Other employees of Defendants have been victimized by the pattern, practice and policy of Defendants. Plaintiff is aware that the illegal practices and policies of Defendants have been imposed on other, similarly situated workers.

22. Plaintiff brings his claim on behalf of all current and former Class Members, or similar job descriptions or titles, who worked on a dedicated basis for BP.

23. Defendants' compensation policies and procedures with respect to Plaintiff and the Class Members and wages paid to Plaintiff and the Class Members are substantially similar, if not identical.

24. Defendants' pattern of failing to pay overtime compensation as required by the FLSA results from Defendant's general application of compensation policies and procedures, and does not depend on individualized circumstances of Plaintiff or other Class Members.

25. Although the issue of damages may be individual in character, this does not detract from the common nucleus of facts with respect to Defendants' liability under the FLSA.

26. Plaintiff files this case as a collective action as specifically allowed by 29 U.S.C. § 216(b). Plaintiff brings these claims on his own behalf and on behalf of those similarly situated who have not been fully compensated for all work performed, time spent, and activities conducted for the benefit of Defendants.

27. Plaintiff requests that Defendants identify all Class Members in order that proper notice of their right to opt-out of this class action (or, alternatively, to consent to participation in this collective action) may be distributed, including their names, dates of employment, job titles, last know addresses, and telephone numbers of the Class Members.

28. Plaintiff seeks to represent those members of the above-described group who, after appropriate notice of their ability to opt into this action, have provided consent in writing to be represented by Plaintiff's counsel as required by 29 U.S.C. § 216(b).

29. Those individuals who choose to opt in will be listed on subsequent pleadings and copies of the written consents will be incorporated by reference.

30. Plaintiff will fairly and adequately represent and protect the interests of those similarly situated who opt into this action.

## VII. CAUSES OF ACTION

### COUNT ONE - VIOLATIONS OF THE FLSA

31. The foregoing allegations are incorporated herein by reference.

32. Plaintiff and others similarly situated were non-exempt employees of Defendants.

33. Plaintiff and others similarly situated are entitled to overtime pay for all hours in excess of forty worked during each seven-day workweek.

34. Defendants violated 29 U.S.C. § 201 et. seq. by willfully failing to pay Plaintiff or others similarly situated overtime compensation at a rate of one-and-a-half times the appropriate regular rate.

35. Plaintiff, individually and on behalf of others similarly situated, seeks all unpaid overtime compensation and an additional equal amount as liquidated damages for a period of three years from the date of the filing of this complaint, as well as reasonable attorney's fees, costs and litigation expenses, including expert witness fees, as provided by 29 U.S.C. § 216(b), along with pre- and post-judgment interest at the highest rate allowed by law.

## VIII. RELIEF SOUGHT

WHEREFORE, Plaintiff, on behalf of herself and the FLSA Class Members, prays for relief against Defendants as follows in regards to the FLSA collective action claims:

a. For an Order pursuant to Section 16(b) of the FLSA finding Defendants liable for unpaid back wages due to Plaintiff (and those who may join in the suit) and for liquidated damages equal in amount to the unpaid compensation found due to Plaintiff (and those who may join the suit);

b. For an Order awarding Plaintiff (and those who may join in the suit) the costs of this action;

c. For an Order awarding Plaintiff (and those who may join in the suit) attorneys' fees;

d. For an Order awarding Plaintiff (and those who may join in the suit) pre- judgment and post-judgment interest at the highest rates allowed by law; and

e. For such other and further relief as may be necessary and appropriate.

Respectfully submitted,

/s/ Josh Borsellino
Josh Borsellino
State Bar No. 24045532
Southern District of Texas Number 639625
Borsellino, P.C.
Office Address:
1020 Macon St., Suite 15
Fort Worth, Texas 76102
Mailing Address:
3267 Bee Cave Rd., Ste. 107, PMB # 201
Austin, TX 78746
Telephone: (817) 908-9861
Facsimile: (817) 394-2412
Email: josh@dfwcounsel.com

**COUNSEL FOR PLAINTIFF**